DAN SIEGEL (SBN 56400)
DEAN ROYER (SBN 233292)
deanroyer@siegelyee.com
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Attorneys for Plaintiff
RAJESH GAUR

JOEL E. KRISCHER (SBN 066489)
joel.krischer@lw.com
JOSEPH B. FARRELL (SBN 137435)
joe.farrell@lw.com
JESSICA C. KRONSTADT (SBN 267959)
jessica.kronstadt@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Attorneys for Defendants
CITY OF HOPE and
BECKMAN RESEARCH INSTITUTE OF THE CITY OF HOPE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAJESH GAUR,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF HOPE, and BECKMAN RESEARCH INSTITUTE OF THE CITY OF HOPE,<br><br>    Defendants. | Case No. 2:11-cv-00651-SJO-RZ<br><br>[PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1

Pursuant to the Stipulation of counsel and good cause appearing therefore, IT IS HEREBY ORDERED:

## DEFINITIONS

1. The term "Party" refers to any party to this action, including all of its officers, directors, employees, and those acting on its behalf, including consultants, retained experts, and counsel.

2. The term "Material" shall include all items or information, regardless of the medium or manner generated, stored, or maintained, including but not limited to: documents or portions of documents; things; written discovery requests and responses; deposition and trial testimony, transcripts of trial testimony and depositions; data, and summaries and compilations derived from data; and any portion of any documents, including court papers filed in this action, that quotes or summarizes any of these items.

3. The term "Designated Material" shall mean any Material that has been designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in accordance with Paragraphs 6 or 7 of this Order.

4. The term "Outside Counsel" shall means outside counsel of record in this action, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

(a) SIEGEL & YEE

(b) LATHAM & WATKINS LLP

## DESIGNATION OF MATERIAL

5. Any party to this litigation that produces or discloses any Material that the party believes in good faith should be subject to this Protective Order may designate it as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" in accordance with Paragraphs 6 or 7 of this Order.

6. A party may designate as "CONFIDENTIAL" under the terms of this Protective Order any Material containing information that is of a sensitive and

1  private nature, is proprietary, is of a competitively sensitive business nature, or
2  would otherwise cause harm to the business interests of the disclosing party if such
3  information were disclosed to competitors.  Confidential information ~~may include,~~
4  ~~but~~ is ~~not limited to, the following:~~ (i) employee or personnel information; (ii)
5  financial information, such as the salaries of Assistant and Associate professors at
6  BRI; (iii) contractual relationships with Assistant and/or Associate professors at
7  BRI: (iv) ~~contractual relationships with third parties, including, but not limited to,~~
8  agreements in settlement of litigation; (v) ~~documents that contain, disclose, or~~
9  ~~reflect confidential business, commercial, financial, or other similarly sensitive~~
10 ~~information of a non-public nature;~~ and (vi) medical information.

11        7.    A party may designate as "ATTORNEYS EYES ONLY" any
12 Material that qualifies as "CONFIDENTIAL" under paragraph 6 above and also
13 contains, or alludes to, highly competitive information for which disclosure to
14 another party (other than that party's attorneys) would create a substantial risk of
15 serious injury that could not be avoided by less restrictive means.

16        8.    A non-party subject to discovery obligations in this case may
17 designate Material in the same manner as a party.

18        **MANNER OF DESIGNATING MATERIALS AND TESTIMONY**

19        9.    The producing party may designate Material as "CONFIDENTIAL"
20 or "ATTORNEYS EYES ONLY" by affixing in a conspicuous place the legend
21 "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."  Such designation shall, to
22 the extent possible, be made at the time the Materials are produced, and shall be
23 affixed to each and every page containing such information.

24        10.   Deposition testimony or testimony obtained from a pretrial
25 evidentiary hearing may be designated as "CONFIDENTIAL," or "ATTORNEYS
26 EYES ONLY" either on the record at the deposition or hearing or by letter within 7
27 days after receipt of the final (i.e. not "draft" or "rough") transcript.  The reporter
28 for any deposition or hearing shall affix a mark of "CONFIDENTIAL" or

"ATTORNEYS EYES ONLY" to pages that contain testimony designed as such. All such transcripts shall be treated as "CONFIDENTIAL" until designated otherwise or until the time to so designate has expired as set forth in this provision, whichever is later.

11. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials shall be considered "CONFIDENTIAL," pursuant to the terms of this Order. After the inspecting party selects Materials for copying, the producing party shall, prior to producing those Materials, designate the Materials as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," as appropriate.

12. If a party discovers that it has inadvertently produced Material containing confidential information without designating it as such in accordance with this Order, the producing party may provide properly designated copies of the Materials to the other party and request in writing that the non-designated Materials be returned or destroyed. The receiving party must treat the information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

13. No party shall be responsible to another party for disclosure of confidential information under this Order if the Material containing the information in question is not labeled or otherwise identified in accordance with this Order.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

14. Material designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons specified in paragraphs 15 through 17, as applicable, and shall not be used

for any purpose other than in connection with this litigation, unless and until such designation is removed by agreement of the parties or order of the Court.

15. Material designated "CONFIDENTIAL" shall be viewed only by the following individuals:

    a) Outside Counsel, as defined in paragraph 4;

    b) Independent Experts, under the conditions set forth in Paragraphs 18-19;

    c) the receiving party (if that party is an individual), or the officers, directors, and employees (including In-House Counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, provided that each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the Acknowledgement and Nondisclosure Agreement attached hereto as Exhibit A;

    d) during their depositions, witnesses in the action to whom disclosure is reasonably necessary;

    e) the Court (including Court employees who are assisting the Court); and

    f) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this matter.

16. Material designated as "ATTORNEYS EYES ONLY," unless otherwise ordered by the Court or permitted in writing by the designating party, may be disclosed only to:

    a) Outside Counsel, as defined in paragraph 4;

    b) Independent experts, under the conditions set forth in Paragraphs 18-19;

    c) the Court (including Court employees who are assisting the Court); and

1         d) Court reporters, their staffs, and professional vendors to whom
2            disclosure is reasonably necessary for this matter.

3     17.    Any person indicated on the face of the Designated Material to be its
4 originator, author or recipient of a copy thereof, may be shown the same.

5     18.    "Independent Experts" means experts or consultants (together with
6 their clerical staff who have a legitimate need to access the confidential
7 information for the purposes of this action) who are not officers, directors, or
8 employees of any party and who are retained to assist in the prosecution, defense,
9 or settlement of this action.

10    19.    Any party seeking to provide any Independent Expert with any
11 Designated Material shall provide the producing party with the name of the
12 proposed Independent Expert, and an executed copy of the form attached hereto as
13 Exhibit A, prior to providing any confidential information of the producing party to
14 that expert.

**FILING CONFIDENTIAL INFORMATION**

16    20.    Any Material, including answers to interrogatories, responses to
17 requests for admissions, deposition transcripts, or other documents, which is
18 designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" shall not be
19 filed with the Court or included in whole or in part in pleadings, motions, briefs,
20 etc., unless the party first complies with the procedures set forth in Local Rule 79-
21 5. Defendants will give plaintiff one (1) additional day of notice beyond the
22 minimum notice period required by Local Rule 6–1 for any motion defendants file.
23 If the Court denies the filing party's application to file the Designated Material
24 under seal, the filing party shall not file the Designated Material as a publicly
25 available document without first giving the designating party a reasonable
26 opportunity to seek relief from the Court.

**OBJECTIONS TO DESIGNATIONS**

28

21. At any stage of these proceedings, any party may object to a designation of Material, including deposition transcripts and portions therefore, as "CONFIDENTIAL or "ATTORNEYS EYES ONLY." The party objecting to the confidentiality designation shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved, the objecting party may move the Court for a ruling on the objection. The Materials at issue shall be treated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" until the Court rules on the objection or the matter has been otherwise resolved.

22. No party shall be obligated to challenge the propriety of a designation at the time the designation is made, and a failure to make such challenge shall not preclude a subsequent challenge to such designation.

23. Nothing contained in this Order, or any failure to object to the designation of Material shall be construed in any manner as an admission by any party that Designated Material actually contains proprietary, trade secret, or confidential information.

## INADVERTENT PRODUCTION OF MATERIAL SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT IMMUNITY, OR OTHER PRIVILEGE OR IMMUNITY

24. Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).

25. Upon receiving written notice from the producing party that Material subject to a privilege or immunity has been inadvertently produced and a supplemental privilege log identifying the Material and the basis for the claims of privilege or immunity, the receiving party shall not copy or disseminate such Material. The receiving party shall return or destroy all such Material (including, without limitation, all originals and copies of any documents containing or

comprising such Material) promptly.  The Material (including, without limitation, all originals and copies of any documents containing or comprising such Material) shall continue to be privileged, protected, and/or immune from discovery; and no use shall be made of such Material (including, without limitation, all originals and copies of any documents containing or comprising such Material) by the receiving party, nor shall such Material be disclosed to anyone by the receiving party.  The receiving party shall promptly provide to the producing person a written certification of the complete return or destruction of such Material (including, without limitation, all originals and copies of any documents containing or comprising such Material); provided that, to the extent any receiving party has incorporated any such Material in its own work product, it may (instead of providing such work product to the producing person) destroy such Material incorporated in that work product and promptly certify to such destruction.  Nothing in this Order shall preclude the receiving party from subsequently challenging that such Material is privileged, or that any such privilege has not been waived.

26.   Once inadvertently produced material has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the producing party has three (3) weeks from the date of disclosure to provide notice of the inadvertent production.  Notwithstanding any other provision of this Order, failure to provide notice within this three (3) week period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced material only.

## EXPERT DISCOVERY

27.   The parties agree that the amendments to Federal Rule of Civil Procedure 26(b)(4), adopted by the United States Supreme Court on April 28, 2010, shall apply to this case.  Thus, materials protected from disclosure pursuant

1 to amended Rule 26(b)(4) are not subject to discovery and will not be listed on
2 privilege logs.

## OTHER PROVISIONS

28. All Designated Material shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Designated Material, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Material. If Designated Material is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

29. Nothing in this Order shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

30. Nothing in this Order shall prejudice the rights of the parties to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this order.

31. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course of this litigation, relying upon any information contained in the Designated Material, provided that the contents of the Designated Material shall not be disclosed to persons not authorized to receive such information.

32. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order shall not be used by either party as a basis for seeking discovery that is otherwise not proper under the Federal Rules of Civil Procedure or other applicable law.

33. Nothing herein shall be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

34. Upon final termination of this action, including any and all appeals, counsel for each party, shall, within ninety (90) days, certify that it has returned all Designated Material to the party that produced the Material, including any copies, excerpts, and summaries of the Material, or has destroyed all materials containing the other side's confidential information at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain one copy of all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information, such that counsel shall continue to treat all Designated Material in the manner provided in this Order. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

35. The restrictions and obligations set forth in this Order shall not apply to any information that the parties agree or the Court determines: (a) should not be designated as confidential information; (b) is already public knowledge; (c) becomes public knowledge by means other than in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge

1  independently of the production by the designating party. Prior knowledge must
2  be established by pre-production documentation.
3      36.  The restrictions and obligations in this Order shall not be deemed to
4  prohibit discussions of any confidential information with anyone if that person
5  already has or obtains legitimate possession of such information.
6      37.  This Order may be modified by agreement of the parties, subject to
7  approval by the Court.
8      38.  The Court may modify the terms and conditions of this Order for good
9  cause, or in the interest of justice, or on its own order at any time in these
10 proceedings. The parties request that the Court provide them with notice of the
11 Court's intent to modify the Order, the content of those modifications, and an
12 opportunity to be heard, prior to entry of such an order.

## Order

FED. R. CIV. P. 26(c) requires a showing of good cause for the entry of a protective order, and the Court must find good cause even if the parties have stipulated to the existence of a protective order. *Jepson Inc. v. Makita Electric Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). "To establish 'good cause' for a protective order under [Federal Rule of Civil Procedure] 26(c), '[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...'" *In re Halkin,* 598 F.2d 176, 193 (D.C. Cir. 1979) (*quoting* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970), cited with approval in *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 n. 15 (1981). The emendations the Court has made to the proposed order are

1 | intended to effectuate this requirement.  Accordingly, as revised, the stipulation is
2 | approved, and
3 |
4 | **IT IS SO ORDERED.**
5 |
6 |
7 |
8 | Dated:  September 30, 2011
9 | The Honorable Ralph Zarefsky
  | United States Magistrate Judge

**EXHIBIT A**

### ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have been provided with and have read the Protective Order regarding confidentiality in *Rajesh Gaur v. City of Hope and Beckman Research Institute of the City of Hope*, Civil Action No. 2:11-cv-00651-SJO-RZ.

I expressly agree that I will not disclose any information received by me pursuant to the Protective Order and I agree to be bound by its terms as ordered by the Court. I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before the Court, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____         By: _____